IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| **Glynndeavin von Fox,** | ) | **Case No. 2:16-cv-394-RMG-MGB** |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| **Dr. Marisa Nava, PhD,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the twenty-first of many civil actions Plaintiff recently filed in this Court, Plaintiff sues Dr. Marisa Nava, PhD.[1] Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

## I.  Relevant Law

### A. Liberal Construction for *Pro se* filings

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv-394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009). Prior

to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted

In his IFP motion dated January 8, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm, LLC" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id*. ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id*.). He indicates that he has $300.00 in his bank account. (*Id*. ¶ 4).[3] Plaintiff also indicates he has assets valued at $140,000.00. (*Id*. ¶ 5).

Plaintiff indicates he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and no debts or other financial obligations. (*Id.* ¶¶ 6, 8). Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts,

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

which suggests that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id.* at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4] *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice; plaintiff was not entitled to proceed IFP); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (same).

### B. The Complaint Fails to State a Basis for Subject Matter Jurisdiction, Fails to State a Claim, and is Legally and Factually Frivolous

In addition to not being entitled to proceed IFP, Plaintiff has filed a Complaint that lacks any basis for federal jurisdiction, fails to state a claim against the defendant, and is factually and legally frivolous.

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that he "intentionally misrepresented his financial condition." Rather, the facts in Plaintiff's affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice is recommended.

Many of the Complaint's allegations are difficult to follow. *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). For example, Plaintiff alleges in his own words that he "is in concern with communication towards the reunification of my child Mackenzie Lynn Fox, who is registered with the State of South Carolina as a Native American through my lineage as a half Native American and half British lineage through the Virginia Company (London Company)." (DE# 1 at 4). Plaintiff indicates that , according to the final order given by the Berkeley County Court, "I was to go through the parental evaluation and anger management evaluation, which I agreed to." (*Id.*). He now insists that testing shows that he does not need anger management. Plaintiff complains that:

> the decision that [Dr. Marisa Nava] imposes on the reunification requirement to seek counseling or guidance with a testing through a South Carolina licensed psychologist, that states I do not need anger management or parental counseling in regards to reunification. It just states a personal opinion on his observations after not allowing to break HIPPA rights, current issues in a South Carolina court that has not gone to trial as a non-party, and the issues that I went through in Tokyo, Japan with no conviction (The question was asked to a Japanese lawyer names Sakei Komori, and answer replied, no conviction)….

(DE# 1 at 4). Plaintiff refers to "the need to separate me from my daughter constantly through monetary means and counseling that is not needed." (*Id.*). He appears to be disputing matters of child visitation that are ongoing in the Berkeley County Family Court.[5]

Plaintiff's Complaint is devoid of any facts or allegations that would suggest any basis for federal question jurisdiction or federal diversity jurisdiction. Federal courts are courts of limited

---

[5] Although Plaintiff refers to "HIPPA rights," the Health Insurance Portability and Accountability Act ("HIPAA") provides no private right action. *See Yarborough v. King,* 2011 WL 5238920, *5 (D.S.C. October 3, 2011), *adopted by* 2011 WL 5151757 (D.S.C. Oct. 31, 2011) (summarily dismissing complaint for failure to state a claim); *Mallgren v. Burkholder,* 52 F.Supp.3d 490 (E.D.N.Y. Oct. 8, 2014) (same). HIPAA regulations are enforceable by the Secretary of Health and Human Services, and do not provide a private cause of action to individuals. 42 U.S.C. § 1320d–6(a)(2).

jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc*., 147 F.3d 347, 352 (4th Cir. 1998). A federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists, "and to dismiss the action if no such ground appears." *Id.* at 352; *see also* Fed.R.Civ.P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). The factual allegations of the Complaint reflect that this matter is not one that "aris[es] under the Constitution, laws, or treaties of the United States" pursuant to 28 U.S.C. § 1331. Plaintiff appears to be attempting to interfere with state court proceedings by filing law suits in federal court. Plaintiff has not indicated any basis for jurisdiction in this federal court.

Even if Plaintiff's Complaint is liberally construed as attempting to sue Dr. Nava under 42 U.S.C. § 1983, such claim would be subject to summary dismissal because private conduct is generally not "state action" for purposes of § 1983. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982); *DeBauche v. Trani*, 191 F.3d 499, 506-07 (4th Cir. 1999). To the extent that Dr. Nava was a witness in state court, "it is well settled that a witness in a state court proceeding cannot be sued under 42 U.S.C. § 1983 because a witness does not act under color of state law." *Myers v. McKnight*, Case No. 2:10–3259–RMG–RSC, 2011 WL 221867 (D.S.C. Jan. 5, 2011), *adopted by* 2011 WL 219847 (D.S.C. Jan. 24, 2011); *see also Curry v. Young*, Case No. 2:11–01687–HFF–PJG, 2011 WL 5403353 (D.S.C. Aug. 23, 2011), *adopted by* 2011 WL 5403299 (D.S.C., Nov. 8, 2011) (dismissing with prejudice as "frivolous"). Any trial testimony by Dr. Nava in the Berkeley County Family Court would be subject to absolute witness immunity. *See Briscoe v. LaHue*, 460 U.S. 325, 327-46 (1983). Trial witnesses enjoy absolute immunity from civil suit for statements they make under oath as witnesses. *Burke v. Miller*, 580 F.2d 108, 110 (4th Cir.1978) (observing that such principle is

supported by a "plethora of precedent"), *cert. denied*, 440 U.S. 930 (1979); *Hunt v. Wilson*, Case No. No. 2:12–3336–JFA–BHH, 2013 WL 4496066 (D.S.C. Aug. 20, 2013) (summarily dismissing on such basis).

Finally, the *pro se* Plaintiff seeks relief that is not available or appropriate. (DE# 1 at 7, "What I Would Like the Court to Do"). For example, he states he would like "the award amount to be 4.1 Million USD in a JP Morgan Wealth Management account with 1 million USD given to the Vatican charity of my choice." (DE# 1 at 7). He also wants "a 1 million USD account opening at Delta Airlines under the business name Fox Consulting Firm, LLC" and real estate "in a warehouse compound in the North Charleston Industrial District area, near International zones of trade if possible." (*Id*.). It is not possible. This Court does not award wealth accounts or "real estate" as damages.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis"* (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 16, 2016  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the *__Important Notice__* on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).